UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cleophas Edwards, #353561,<br>*aka Cleophus Edwards, Jr.*,<br>       Petitioner,<br><br>vs.<br><br>Warden, Ridgeland Correctional Institution,<br>       Respondent. | ) C/A No. 4:25-7959-RMG-TER<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>) |

Petitioner, a state prisoner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## DISCUSSION

In December 2012, in Orangeburg County, after a trial, Petitioner was convicted of murder, burglary, and "firearms provision."[1] On December 17, 2012, Petitioner filed a direct appeal of the convictions. On February 18, 2016, the South Carolina Court of Appeals issued the remittitur dismissing the appeal. On February 2, 2017, Petitioner filed a PCR in the lower court. As of the date of this filing, the PCR remains pending in the court of common pleas. *See* No. 2017-CP-38-00149.

Under established local procedure in this judicial district, a careful review has been made of

---

[1] *See generally*, https://publicindex.sccourts.org/Orangeburg/PublicIndex/PISearch.aspx/(with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

the *pro se* pleadings pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

With respect to his convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971). It is well-settled that state prisoners must exhaust all available state-court avenues for challenging their convictions before they seek habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). Section 2254 generally forbids federal courts from granting collateral relief until prisoners have "fairly

presented" their claims in each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("The exhaustion requirement ... serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010) (noting that "a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them"). To satisfy his burden, Petitioner must show that both the operative facts and the controlling legal principles were presented to the highest state court. *Gordon v. Braxton*, 780 F.3d 196, 201 (4th Cir. 2015).

Recently, the Fourth Circuit Court of Appeals found that a nearly three decade delay in resolution of the state court PCR did not satisfy the federal statutory requirement and did not serve as an excuse for prisoner's failure to exhaust state court remedies. *Hicks v. Frame*, No. 23-6447, – F.4th – 2025 WL 2054850, at *1, *7 (4th Cir. 2025)(published).

Here, Petitioner's PCR appears to be ongoing, as the matter is still pending before the court of common pleas. Because appellate review of the PCR court's decision is necessary to show exhaustion in South Carolina, Petitioner's federal habeas claims are unexhausted and premature at this stage. *See Braveboy v. James*, No. 8:20-cv-03486-TMC-JDA, 2020 WL 8713682, at *3 (D.S.C. Nov. 10, 2020), *adopted*, 2021 WL 423410 (D.S.C. Feb. 8, 2021); *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (noting that state prisoners must invoke "one complete round of the State's established appellate review process"). Thus, it is recommended that Petitioner's habeas Petition

be dismissed so that he may exhaust his state-court[2] remedies as required under 28 U.S.C. § 2254(b)(1). *See, e.g., Goss v. Williams,* No. 2:18-cv-2938-BHH, 2020 WL 502635, at *2 (D.S.C. Jan. 31, 2020), appeal dismissed, 814 F. App'x 776 (4th Cir. 2020) (dismissing pro se § 2254 petition for failure to exhaust state remedies where PCR application was still pending before state court); *Braveboy*, 2020 WL 8713682, at *3 ; *Washington v. Cartledge*, No. 4:08-cv-04052-PMD, 2010 WL 1257356, at *2 (D.S.C. Mar. 29, 2010); *Young v. Warden of Perry Corr. Inst.*, No. 2:20-CV-03974-RMG-MGB, 2021 WL 2210800, at *3 (D.S.C. May 13, 2021), *report and recommendation adopted*, 2021 WL 2210712 (D.S.C. June 1, 2021).

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition be summarily dismissed *without prejudice and without requiring the respondent to file a return.* Petitioner can refile his § 2254 petition with the Court after he has exhausted his state court remedies. The undersigned reminds Petitioner to be mindful of the statute of limitations applicable to this action. *See* 28 U.S.C. § 2244(d).

August 18, 2025  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the next page.**

---

[2] Petitioner's PCR attorney appears to have died in May 2023; the state court ordered a continuance, then in February 2024, the state court granted Petitioner *pro se* status in the PCR.

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).