IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cleophas Edwards, #353561, *also known as* Cleophas Edwards, Jr.,<br><br>Petitioner,<br>v.<br><br>Warden, Ridgeland Correctional Institution,<br><br>Respondent. | Case No. 4:25-cv-07959-RMG<br><br><br>ORDER |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254 be summarily dismissed because Petitioner has failed to exhaust his state court remedies before seeking habeas relief. (Dkt. No. 12). Petitioner was given notice that he had 14 days from the date of the R&R to file any objections, which, with three additional days for mailing, required the filing of objections on or before September 5, 2025. *Id*. at 5. No objections have been received by the Court. For the reasons set forth below, the Court adopts the R&R and dismisses Petitioner's habeas petition.

**I.    Background**

Petitioner is an inmate in the South Carolina Department of Corrections. (Dkt. No. 9). In December 2012, he was convicted of murder, burglary, and firearms provision. *Id*. On December 17, 2012, Petitioner appealed his convictions to the South Carolina Court of Appeals. *Id*. On February 18, 2016, the Court of Appeals dismissed his appeal and remitted the matter. *Id*. On February 2, 2017, Petitioner filed an application for post-conviction relief ("PCR"), which remains pending in state court. *Id*.

1

II. **Legal Standard**

    A. **Magistrate's Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

    B. **Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III. **Discussion**

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Petitioner's habeas petition should be summarily

dismissed because his PCR application is still pending, and thus, he has failed to fully exhaust his state court remedies before seeking habeas relief.

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 12) as the Order of the Court and **DISMISSES** Petitioner's habeas petition.

**AND IT IS SO ORDERED**.

        s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

September 10, 2025
Charleston, South Carolina